(75 App. Div. 531.)

### RIVERSIDE BANK v. JONES et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

**1. ACCOMMODATION NOTE—INDEBTEDNESS INCURRED AFTER MATURITY.**
    The maker of an accommodation note without consideration is not liable to a bank, holding the same as collateral, for any indebtedness contracted since its maturity.

**2. TAXATION OF COSTS—APPELLATE DIVISION.**
    The appellate division in which exceptions have been ordered heard in the first instance cannot pass upon a motion for an extra allowance of costs, as that question must be determined in the trial court before their taxation.

Appeal from trial term, New York county.

Action on a note by the Riverside Bank against W. Martin Jones, impleaded with the Schlicht Heat, Light & Power Company. Verdict for defendant, and plaintiff's exceptions and motion for new trial ordered to be heard in the first instance by the appellate division. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lyman L. Settel, for appellant.
W. Martin Jones, per se.

McLAUGHLIN, J.   This action was brought to recover the amount of a promissory note made by the defendant to the order of the Schlicht Heat, Light & Power Company, and used by it at the plaintiff's bank before maturity. At the close of the trial a verdict was directed for the defendant, and plaintiff's exceptions ordered to be heard in the first instance by the appellate division.

We are of the opinion that the trial court properly directed a verdict for the defendant. The note in suit was delivered by the defendant to the Power Company without any consideration therefor, and solely for its accommodation. The Power Company delivered it to the plaintiff bank as collateral security for the payment of an indebtedness then existing of the Power Company to the bank. All of the indebtedness of the Power Company to the bank which existed at the time the note was delivered, or which was incurred intermediate the delivery of the note and its maturity, has since been paid. The payment of such indebtedness relieved the defendant from all liability upon his note. Any indebtedness of the Power Company which was contracted, as well as any extension of credit given, after the maturity of the note, in no way bound him. There is nothing in the record which would have justified the jury in finding that the plaintiff, at the time the action was commenced, had any claims against the Schlicht Company incurred prior to the maturity of the

note in suit; in other words, there is nothing to show that the plaintiff parted with value, or gave credit, upon the strength of the defendant's note. The trial court, therefore, could not do otherwise than direct a verdict. As to the motion for an extra allowance, we do not see how we can pass upon any such question. There is no authority for its reference to the appellate division, and we think that that question must be determined in the court below before the taxation of costs.

The plaintiff's exceptions must, therefore, be overruled, and judgment ordered for the defendant, with costs. All concur.